UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:06-cr-00132-LRH-RAM |
| v. | ORDER |
| MIGUEL JACINTO SOTELO, | |
| Defendant. | |

Miguel Jacinto Sotelo ("Petitioner") moves this court to reduce his sentence pursuant to 28 U.S.C. § 2255 based upon constitutional errors he alleges occurred during his sentencing. Because Petitioner's contentions lack merit, the court will deny his motion.

**I.   Facts and Procedural Background**

On May 16, 2007, pursuant to a written plea agreement, Petitioner pleaded guilty to Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1).

At sentencing, Petitioner's counsel argued that Petitioner's sentence should be mitigated because of Petitioner's lack of prior convictions, the amount of drugs involved, and Petitioner's family and community ties. Petitioner's counsel also successfully argued that Petitioner qualified for the "safety valve." As a result, under the Sentencing Guidelines, Petitioner's sentencing range was between 78 and 97 months. The court imposed a mid-range sentence of 88 months.

## II. Legal Standard

Pursuant to 28 U.S.C. § 2255,

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Thus, § 2255 broadly defines four categories of cognizable claims: (1) the conviction or sentence is unconstitutional, (2) the court that rendered the judgment lacked either personal or subject matter jurisdiction, (3) the conviction or sentence violates other federal law, and (4) the sentence or judgment is otherwise open to collateral attack because it results in a fundamental miscarriage of justice.  28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 41.3b (5th ed. 2005).

## III. Discussion

### A. Ineffective Assistance of Counsel

Petitioner contends he received ineffective assistance of counsel at his sentencing because his attorney failed to request a two-point downward departure based on Petitioner's status as a deportables alien.  The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. CONST. amend. VI. To prove ineffective assistance of counsel, Petitioner must first establish that his counsel's performance was deficient, and then must prove that this deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

Here, Petitioner has failed to show any prejudice arising out of his counsel's conduct.  At sentencing, Petitioner's counsel noted that Petitioner would face deportation upon his release. Thus, the court was well aware of Petitioner's deportable status.  Even if Petitioner's counsel had

2

1 argued specifically for a downward departure, the court, it its discretion, would not have awarded
2 such a departure.  *See United States v. Davoudi*, 172 F.3d 1130, 1133-34 (9th Cir. 1999) (citation
3 omitted) (noting that the district court has discretion to depart downward because of a defendant's
4 status as a deportable alien but that such departures will be "highly infrequent" as the majority of
5 cases fall within the "heartland" of cases governed by the Sentencing Guidelines).  Because
6 Petitioner's counsel's failure to seek a downward departure based on Petitioner's status as a
7 deportable alien caused no prejudice, Petitioner's ineffective assistance of counsel claim fails.

**B. Equal Protection**

Petitioner also argues that, as a result of his deportable alien status, he has been unable to participate in programs that would entitle him to early release in violation of the Equal Protection Clause of the Fourteenth Amendment.  The Ninth Circuit Court of Appeals rejected this argument in *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999).  There, the court held, "[E]xcluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." *Id.* at 1176.  Because the court finds that Petitioner's rights have not been violated, a reduction in his sentence is not warranted.

IT IS THEREFORE ORDERED that Petitioner's Motion for Reduction of Sentence (#60) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3